## THE PEOPLE EX REL. V. JOBS.

Where an office was recognized under the organic act of the territory, and where the same office is recognized under the state constitution, it is a matter of no consequence that the existence thereof under the former instrument was by virtue of certain powers conferred upon justices of the peace, while under the latter its validity depends upon a provision relating to judicial officers for cities and towns.

*Error to District Court of Clear Creek County.*

UPON petition for rehearing.

Mr. W. T. HUGHES and Mr. L. C. ROCKWELL, for plaintiff in error.

Mr. R. S. MORRISON, for defendant in error.

HELM, J. In view of the authorities cited, a few suggestions seem necessary concerning the "subtle yet important distinction" upon which counsel mainly relies for a rehearing of this cause.

We are asked to say that that portion of the charter of Georgetown which establishes the office of police judge, and prescribes the jurisdiction of the incumbent thereof, is void because in conflict with the state constitution.

The existence of an office similar to that filled by respondent was recognized under the organic act of the territory in *Deitz v. Central*, 1 Col. 323. The name "police judge" was discarded, but the official acts of the individual occupying the position were declared to be valid. Authority so to hold was found in the grant of judicial power by the organic act to justices of the peace. But the court expressly declines to say whether or not the incumbent should assume to be, and act as, such officer.

The constitution superseded the organic act; but in the distribution of judicial powers it clearly provided for this office; even the objection mentioned in *Deitz v. Central* to the name "police judge" no longer exists. *People ex rel. Howell v. Curley*, 5 Col. 412. The powers conferred, and the name or title also, are both within the purview of the later instrument. Sec. 1, art. 6.

Respondent, in this case, was not elected to the office of justice of the peace; he was chosen to fill that of police judge; and his judicial powers were exclusively confined to proceedings under the town ordinances, and a few other matters relating to the corporation. If there

were no constitutional difficulty in the way, he could not act as a justice of the peace until he had complied with certain prerequisites not essential to the office of police judge.

"It *shall be lawful* for the police judge to give bond with such securities as are required by law from justices of the peace in this territory, and, *on filing of this bond,* the police judge shall have the same jurisdiction as is now conferred by law upon other justices of the peace in this territory." Section 5 of an amendment to the charter of Georgetown, adopted in 1874, three years subsequent to the filing of the decision in *Deitz v. Central, supra.*

If, therefore, the charter provisions authorizing the election of a police judge, and clothing him with jurisdiction to enforce the ordinances, had been adopted since 1876 as a general law, there would not, in our judgment, be any constitutional objection thereto. But as stated in the principal opinion, this charter is not obnoxious to the constitution on the ground that it is a local or special act.

According to our views, then, the position filled by respondent was a *de jure* office before the constitution, and its legal existence cannot be successfully challenged since the adoption of that instrument. What difference does it make, upon principle, that the existence of this office was sustained, under the organic act, by virtue of the powers thereby conferred upon justices of the peace, while under the constitution we uphold it because authorized by the provision relating to judicial officers for cities and towns? The "substance of the powers conferred" remains the same; names are not controlling; and the office itself is recognized by both of the organic laws.

This case is easily distinguished from that of *State ex rel. v. Maynard,* 14 Ill. 419, to which counsel invites our attention. The differences between the two cases will readily appear upon a cursory reading of that opinion, and we decline to lengthen this one by discussing them. The rehearing is denied. *Rehearing denied.*